Dear Judge Orenstein:

For the second, the plaintiff's understanding regarding the stipulations was confirmed in 94 when he agreed to the settlement.

Moreover, Plaintiff never request to reopen this case or, the Atkinson v. Geraci, docket No 98 CV 1609.

Plaintiff's arguement concerns an interference and infringement upon his right to seek further redress for his petition for writ of habeas corpus under case docket No. 00 CV 3573, And that

*[handwritten at top: "concerns anyone but the petitioner-plaintiff and the original parties reference to matters of County of Suffolk"]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY E. ATKINSON,

                Plaintiff,

   -against-

JOHN BROESLER,

                Defendant.
------------------------------------------------------------x

**ORDER**
**93-CV-1346 (DGT)**

*[stamp: RECEIVED IN CHAMBERS OF MAGISTRATE ORENSTEIN JUL 13 2007]*

The undersigned magistrate judge is in receipt of a letter dated April 19, 2007 ("4/19/07 Letter"), from plaintiff Anthony Atkinson, proceeding *pro se* ("plaintiff). In that letter, plaintiff complains about his criminal prosecution that was the subject of an unsuccessful habeas petition in <u>Atkinson v. Portuando</u>, 00-CV-3573 (JS), and his subsequent civil rights action in <u>Atkinson v. Garaci</u>, 98 CV 1609 (JS), both of which were assigned to judges other than those in the instant case. Plaintiff contends that the Court in the instant action may entertain his current application because some unspecified violation of a stipulation (presumably the stipulation of discontinuance) in the instant case provides the basis for jurisdiction. Plaintiff suggests that unidentified individuals may be "impeding [his] communication" to the Court. <u>See</u> 4/19/07 Letter. *[handwritten: Communications in general.]*

The stipulation of discontinuance in this case was filed in June 1994, at which time the case was closed. Plaintiff specifies no basis for reopening the case after 13 years. Moreover, it appears that by filing under the caption in this case, plaintiff is simply attempting to circumvent the order of Judge Joanna Seybert in <u>Atkinson v. Geraci</u>, 98 CV 1609, directing plaintiff to cease filing papers in the cases assigned to her, all of which have long since closed.

See 2/25/04 Order in 98 CV 1609 (JS); see also Calendar Entries for 12/9/05, 3/17/06, 6/16/06, 8/18/06, and 1/12/07 in 98 CV 1609 (JS).

Plaintiff's request for judicial intervention in the instant action is denied.

SO ORDERED.

Dated:   Brooklyn, New York
         June 29, 2007

                              /s/ Roanne L. Mann
                              ROANNE L. MANN
                              UNITED STATES MAGISTRATE JUDGE

---

In addition, when plaintiff filed a grievance at the Second and Eleventh Committee Chief Counsel Diana Maxfield Kearse indicated that matters pertained to the 10th Judicial District. And that she would refer plaintiff's complaint to Chief Counsel Robert P. Guido at the Syosset office.

Yet, there are other individuals in possession of these grievances and infringing upon the issues and matters that don't concern them. Nor did plaintiff authorize anyone to represent any of his legal affairs and can speak for himself on behalf of his own legal affairs. And that infringment is unlawful and illegal.   -2-   Signed Anthony Atkinson
Anthony Atkinson